UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY LEE BOSTON,
    Petitioner,

v.

Case No. 8:25-cv-2229-TPB-TBM
Case No. 8:06-cr-259-TPB-TBM

UNITED STATES OF AMERICA,
    Respondent.
_____

## ORDER DISMISSING MOTION TO VACATE SENTENCE

Jimmy Lee Boston moves under 28 U.S.C. § 2255 to vacate his convictions and 262-month sentence for being a felon in possession of a firearm and for possessing a firearm with an altered serial number. He raises constitutional challenges to his convictions and sentence. The motion is barred as an unauthorized second or successive motion to vacate, set aside, or correct sentence.

**I.   Background**

In June 2006, a grand jury indicted Boston for possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g), and for knowingly possessing a firearm with a removed, obliterated, or altered serial number, in violation of 18 U.S.C. § 922(k). (Crim. Doc. 1) A jury found him guilty of both counts in December of 2006. (Crim. Doc. 47)

The district court sentenced Boston to 262 months for the § 922(g) offense and 60 concurrent months for the § 922(k) offense. (Crim. Doc. 52) Boston

appealed, and the circuit court affirmed his convictions and sentence. *United States v. Boston*, 249 F. App'x 807 (11th Cir. 2007). The U.S. Supreme Court denied his petition for certiorari. *Boston v. United States*, 128 S. Ct. 1307 (2008).

In 2008, Boston moved for relief under 28 U.S.C. § 2255, and the district court denied the motion as meritless. *See Boston v. United States*, 8:08-cv-1309-SCB-TGW. Boston filed a second motion under § 2255, which the district court dismissed for lack of jurisdiction as an unauthorized second or successive § 2255 motion. *See Boston v. United States*, 8:13-cv-2389-SCB-TBM.

In 2016, Boston petitioned for permission to file a second or successive § 2255 motion after the U.S. Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). (Crim. Doc. 87-1) The circuit court granted him permission to do so. *See Boston v. United States*, 8:13-cv-2389-SCB-TBM at Civ. Doc. 6. With the circuit court's permission, Boston initiated his third § 2255 action, which the district court denied as meritless. *See Boston v. United States*, 8:16-cv-1827-SCB-TBM at Civ. Doc. 25. Boston appealed and was granted a certificate of appealability as to two of the issues raised in his third § 2255 motion. *Id.* at Civ. Doc. 30. Next, the circuit court affirmed the district court's denial of his third § 2255 motion. *Id.* at Civ. Doc. 31.

On July 30, 2025, Boston filed a fourth § 2255 motion titled "2255, Motion to Dismiss Supervised Release as Unconstitutional and Ultra Vires."

(Crim. Doc. 102; Civ. Doc. 1) In the current motion, Boston argues that the imposition of supervised release violates "the United States Constitution, including but not limited to Article III, the Fifth, Sixth, and Eighth Amendments, the non-delegation doctrine, and the separation of powers." (Civ. Doc. 1 at 1)

On August 1, 2025, the district court directed the United States to respond to Boston's motion. (Crim. Doc. 104) The United States responds by moving to dismiss Boston's § 2255 motion as unauthorized. (Civ. Doc. 2)

## II. Discussion

After a criminal judgment is entered, "28 U.S.C. § 2255 allows [a defendant] one—and generally, only one—opportunity for a collateral attack. Before filing a 'second or successive' habeas petition, AEDPA requires a prisoner to obtain authorization from the appropriate court of appeals." *Telcy v. United States*, 20 F.4th 735, 740 (11th Cir. 2021). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). This rule "is grounded in respect for the finality of criminal judgments." *Calderon v. Thompson*, 523 U.S. 538, 55 8 (1998).

Boston's present motion—his fourth § 2255 motion—is an unauthorized successive motion under § 2255. Because Boston lacks authorization from the circuit court to file the motion, the district court is without jurisdiction to

consider it. *See Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021) (explaining that without the requisite authorization, "the district court must dismiss a second or successive § 2255 [motion] for lack of jurisdiction"). To file a second or successive § 2255 motion, Boston must first obtain authorization from the circuit court. *United States v. Handlon*, 97 F.4th 829, 834 n.2 (11th Cir. 2024) ("If Handlon—having already filed an unsuccessful motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255—wants to attempt to file a second or successive § 2255 motion, then he must first obtain authorization from the Court of Appeals.") (quotation omitted)). The circuit court must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

### III. Conclusion

Boston's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as an unauthorized second or successive motion. The United States' motion to dismiss this action is **DENIED AS MOOT**. (Civ. Doc. 2) The clerk must **CLOSE** this case and enter a copy of this order in the criminal case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of September, 2025.

 

**TOM BARBER**
**U.S. DISTRICT JUDGE**